CONSTANCE v. LOUISIANA POWER & LIGHT CO.

(February 16, 1931. Opinion and Decree.)

Andrew H. Thalheim, of Gretna, attorney for plaintiff, appellant.

M'Caleb & M'Caleb, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

The petition alleges in substance that plaintiff, intending to become a passenger of the defendant street railway company, approached the front end of the car, which was the customary way for passengers to enter, but that her foot caught in the fender, causing her to fall and sustain the injuries for which she sues. She alleged that the accident was due solely to the fact that the car was unlighted, compelling her to board it in the dark.

It is contended that, since Act No. 119 of 1912 requires all street railways to equip their cars with fenders, plaintiff should have had knowledge of the existence of the fender and made allowance therefor, that there is no law in the state which requires carriers to have the front fender illuminated, and that persons stumbling over it in the dark have no right of action for consequent injuries, since the injuries are due entirely to their own imprudence, carelessness, and negligence.

In our opinion, the fact that the law requires the defendant to equip its cars with fenders is wholly immaterial. The issue presented by this case is whether, under the circumstances obtaining, a safe mode of ingress was provided by defendant for its passengers, consistent with the duty of exercising the degree of care which the law imposes upon public carriers in the interest of public safety. Shally v. N. O. P. S. & S. & W. Board, 1 La. App. 773; Thomas v. Shreveport Rys. Co., 13 La. App. 217, 127 So. 119; Moses v. Louisville, N. O. & T. Ry. Co., 39 La. Ann. 649, 2 So. 567, 4 Am. St. Rep. 231; Conway v. New Orleans C. & L. R. Co., 51 La. Ann. 146, 24 So. 780. Whether that duty was discharged in this case depends upon whether plaintiff's allegations, which appear to us as adequate for the purpose, are maintained after a trial upon the merits.

For the reasons assigned, the judgment appealed from is reversed, the exception of no cause of action overruled, and this case remanded for further proceedings according to law and consistent with the views herein expressed.